United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

November 19, 2007

Before

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3174

| | |
|---|---|
| RYAN L. BELCHER and DARAINA GLEASON, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| Plaintiffs-Appellants, | |
| v. | No. 05 C 101 |
| VAUGHN NORTON and TOWN OF ORLAND, | **Theresa L. Springmann**, *Judge*. |
| Defendants-Appellees. | |

O R D E R

The opinion of this court issued on August 15, 2007, is amended, as follows: At slip opinion page 21, line 16 (before Section "**C.**"), after the word "analysis." add:

We note that, in establishing their substantive due process claim, the plaintiffs will have to overcome two hurdles, neither of which was addressed in detail by the parties in their briefing before this court. First, this court has held that where "actions fall[] clearly within the ambit of those activities regulated by the Fourth Amendment," the Fourth Amendment provides the appropriate standard for evaluating the claim, and "there [i]s no need for the district court to further analyze the case under the strictures of the Fourteenth Amendment." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994)

(citing *Albright v. Oliver*, 510 U.S. 266 (1994), and *Graham v. Connor*, 490 U.S. 386 (1989)).  Thus, in order to establish a substantive due process violation, the plaintiffs must show that the deputy's allegedly extortionate actions were not part and parcel of a seizure within the meaning of the Fourth Amendment.  Additionally, apart from the Fourth Amendment issue, the plaintiffs must establish that the officer's actions impinged a fundamental liberty interest as set forth in *Washington v. Glucksberg*, 521 U.S. 702 (1997). Because we neither have the benefit of a uniform version of the facts nor of thorough briefing on these issues, we express no opinion regarding whether, on remand, the plaintiffs will be able to distinguish sufficiently their claims from others covered by our Fourth Amendment case law or from those which do not involve a fundamental liberty interest.

Further, upon consideration of the petition for rehearing en banc filed by Defendants-Appellees on August 29, 2007,  no judge in active service has requested a vote thereon and the judges on the original panel have voted to deny the petition. Accordingly,

IT IS ORDERED that the petition for rehearing en banc is hereby DENIED.